# Exhibit A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 16 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

8

9

10

11

12

13

14

| ANGELLINA PEREZ, TABITHA DALTON, KAELA CHONG, and CHANDLER HEISS on behalf of themselves and all others similarly situated, | Case No.: _____ |
| | CLASS ACTION COMPLAINT |
| Plaintiffs, | JURY TRIAL DEMANDED |
| vs. | |
| TORRID, LLC, | |
| Defendant. | |

15   Plaintiffs Angellina Perez, Tabitha Dalton, Kaela Chong and Chandler Heiss on behalf of

16  themselves and all others similarly situated (collectively "Plaintiffs"), on information and belief

17  except to their own experiences and matters of public record, complain of Defendant Torrid, LLC

18  ("Torrid" or "Defendant") as follows:

19                    **I.      INTRODUCTION**

20   1.      In 1998, to protect Washington consumers from the annoyance and harassment

21  caused by the burgeoning spam email industry, the Washington State Legislature enacted the

22  Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code

23  of Washington (RCW).

24

25  CLASS ACTION COMPLAINT – 1

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

2. Among other things, CEMA prohibits transmitting a commercial email with "false or misleading information in the subject line" to the email address of a Washington resident. RCW 19.190.020(1)(b).

3. Defendant engages in the precise activity which CEMA prohibits.

4. Defendant spams Washington consumers, including Plaintiffs, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets.

5. This false urgency wastes consumers' time by enticing them to engage with the defendant's marketing efforts for fear of missing out. It also floods consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short.

6. And through this deceptive time-sensitivity, Defendant falsely narrows the field—steering consumers away from shopping for better deals—to its own products and services which must be purchased *now*.

7. Plaintiffs challenge Defendant's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

## II.    JURISDICTION AND VENUE

8. The Court has jurisdiction of this case under RCW 2.08.010.

9. Venue is proper in Pierce County under RCW 4.12.020(3) because Plaintiffs' causes of action, or some part thereof, arose in Pierce County.

## III.    PARTIES

10. Plaintiff Angellina Price is a resident of Pierce County, Washington.

CLASS ACTION COMPLAINT – 2

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

11.    Plaintiff Tabitha Dalton is a resident of Cowlitz County, Washington.

12.    Plaintiff Kaela Chong is a resident of Snohomish County, Washington.

13.    Plaintiff Chandler Heiss is a resident of Spokane County, Washington.

14.    Defendant Torrid, LLC, is a California limited liability company with its headquarters at 18501 East San Jose Avenue, City of Industry, CA 91748, and may be served with process through its registered agent, Corporation Service Company, at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501.

## IV.    FACTUAL ALLEGATIONS

### A.    CEMA protects Washington consumers from deceptive spam emails.

15.    The Supreme Court of Washington has made clear: "[A]ll Internet users … bear the cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

16.    In 1998, the Legislature found that the "volume of commercial electronic mail" was "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149, § 1.

17.    In the nearly three decades since, the problems caused by unsolicited commercial email, *i.e.* spam email, have grown exponentially.

18.    The problems, however, are not limited to email content. Subject lines of emails are framed to attract consumers' attention away from the spam barrage to a message that entices consumers to click and, ultimately, *purchase*.

19.    In 2003, the United States Congress found that "[m]any senders of unsolicited commercial electronic mail purposefully include misleading information in the messages' subject lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

20.    In 2012, one study estimated that Americans bear "costs of almost $20 billion

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, *The Economics of Spam*, 26 J. of Econ. Perspectives 87, 88 (2012).

21.     Even when bulk commercial email marketers are operating under color of consumer consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice" approach predominant in the United States—"is a fiction." Daniel J. Solove, *Murky Consent: An Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

22.     Consumers therefore routinely "consent" to receive flurries of commercial emails which they did not meaningfully request and in which they have no genuine interest.

23.     This includes emails sent to consumers from businesses with which they have no prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

24.     Simply conducting the routine affairs of daily life often exposes consumers to unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address for everything from opening a bank account to getting your dog's nails trimmed, and … [o]nce you hand over your email address, companies often use it as an all-access pass to your inbox: Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday promotions throughout the year. It's too much." Kaitlyn Wells, *Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

25.     The Legislature presciently intended CEMA to "provide some immediate relief" for these problems by prohibiting among other things commercial emails that "contain untrue or misleading information in the subject line." Laws of 1998, ch. 149, § 1.

26.     CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

CLASS ACTION COMPLAINT – 4

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

27.    CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

28.    CEMA's "truthfulness requirements" thereby advance the statute's aim of protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id.*

29.    CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain *any* false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025).

30.    CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

31.    The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44–45.

**B.    The subject lines of Defendant's marketing emails make false time scarcity claims.**

32.    One common way online marketers "manipulate consumer choice by inducing false beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light* 4 (2022), https://perma.cc/847M-EY69/; *see also* U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), https://perma.cc/V848-7TVV/.

33.    The FTC has identified the "False Limited Time Message" as one example of false

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patterns to Light*, *supra* para. 26, at 22.

34.    False scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities." *Online Choice Architecture*, *supra* para. 26, at 26.

35.    Invoking this time pressure achieves a seller's aim to narrow the field of competitive products and deals, by "induc[ing] consumers to rely on heuristics (mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit." *Id.*

36.    Under time pressure, "consumers might take up an offer to minimise the uncertainty of passing it up." *Id.*

37.    False time scarcity claims thus *harm consumers* by manipulatively distorting their decision-making to *their detriment—and the seller's benefit.*

38.    Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited." *Id.* at 27.

39.    False time scarcity claims also harm market competition. Consumers learn to ignore scarcity claims, "meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information." *Id.*

40.    These false time scarcity claims are a staple of the defendant's email scheme to compel consumers to purchase its products.

41.    **Urgent Spam Emails.** Torrid is practiced in this trick of luring in consumers through urgent subject headings in emails that do not reflect the true availability of the deal itself,

CLASS ACTION COMPLAINT – 6

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

as these examples demonstrate.

42.    Defendant has a torrid affair with false time scarcity claims. It has established a pattern of using emails with misleading subject lines meant to entice consumers to purchase their products or services promptly, or else lose the opportunity for savings, by peppering those subject lines with words or phrases such as "FINAL HOURS," "LAST DAY," and "LAST CHANCE," among others.

43.    Just recently, Torrid sent a barrage of emails to Washington consumers on October 12, 2025, beginning at 5:13 a.m. From the subject lines of those emails, the message was clear: the opportunity to redeem "Torrid Cash" was imminently ending that day.

44.    On October 12, 2025, at 5:13 a.m., Defendant transmitted an email with the subject line, "📢 LAST DAY to redeem Torrid Cash 📢." Later that same day, at 1:26 p.m., Defendant sent an email titled "USE IT OR LOSE IT 💰." Finally, Defendant sent yet another email at 5:25pm that evening with the heading "Torrid Cash = GONE for good at midnight."

45.    The use of the megaphone (📢) and money bag (💰) symbols adds to the sense of urgency to spend money these email subject lines evoke.

46.    Thus, on October 12, 2025, when consumers in Washington woke up, went to lunch, or got off work, Torrid was telling them their chance to use "Torrid Cash" would end that day. But that opportunity was not "gone for good" at midnight – it was barely gone for five hours.

47.    On October 13, 2025, at 5:14 a.m., Defendant revealed the truth behind its deception: it extended the opportunity to use "Torrid Cash" in another email titled "1 MORE DAY: Torrid Cash extended!"

48.    Torrid is well versed in using its fictitious currency to craft false time-scarcity claims.

CLASS ACTION COMPLAINT – 7

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

49.     For example, on January 20, 2024, Defendant sent an email with the subject line "PSA 🚨 LAST 2 days to earn 3x points + redeem Torrid Cash in..." and followed up the next day with an email titled "Final hours! Redeem your Torrid cash and earn 3x points 🚨."

50.     Of course, the natural inference Torrid wants consumers to make is that "PSA" stands for "Public Service Announcement."

51.     And the use of the flashing red light emoji ( 🚨 ) heightens the sense of urgency in the message, invoking the flashing red lights of ambulances and fire trucks.

52.     But there was no emergency and Defendant's announcement certainly did not serve the public.

53.     On January 22, 2024, Torrid extended the sale for two more days in an email with the heading, "SURPRISE! Torrid Cash EXTENDED 2 days = more time to earn 3x points!"

54.     This may have been a surprise to consumers, but it was no surprise to Defendant.

55.     Similarly, Torrid gave consumers whiplash from the roller coaster ride of emails it sent in the last week of July 2024. As shown in the table below, Defendant sent emails telling consumers the opportunity to redeem "Torrid Cash" was ending, then it was back on, then it was ending again, then it was extended again.

| Date | Email Subject Line |
|------|--------------------|
| 7/27/2025 | ALERT: 2 days left to use your Torrid Cash! 🤯 |
| 7/28/2025 | 👇 Last day to redeem Torrid Cash on Better-Than-Black-Friday... |
| 7/29/2025 | 💥 Torrid Cash EXTENDED! Don't miss out: redeem now |
| 7/30/2024 | 🚩 Your Torrid Cash EXPIRES today 🚩 |

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

| 7/31/2024 | You asked for it! 2 MORE DAYS to redeem Torrid Cash! |
|---|---|

56.    Within three months, the same ride operator was back at the controls. As shown in the table below, Defendant sent emails indicating the same "Torrid Cash" opportunity was imminently ending *twice in the same week*.

| Date | Email Subject Line |
|---|---|
| 10/13/2024 | 💥 LAST DAY to redeem Torrid Cash! Don't lose it, USE it! 💥 |
| 10/13/2024 | ⏰ Only HOURS LEFT to redeem TORRID CASH! ⏰ |
| 10/14/2024 | We're freaking out: Torrid Cash EXTENDED 💥 |
| 10/15/2024 | 🎆 Redeem NOW! Torrid Cash extended 3 more days 🎆 |
| 10/17/2024 | LAST DAY 💥 To Redeem 💥 TORRID CASH! |
| 10/17/2024 | 👇 Really. Truly. FINAL HOURS to redeem Torrid Cash! 👇 |
| 10/18/2024 | OMG: Torrid Cash EXTENDED + extra 25% off holiday NEW! This weekend only 👇 |

57.    In 2025, the months of January, July, and October all followed the same pattern.

58.    Beginning on January 19, 2025, and continuing through January 20, 2025, Defendant sent a barrage of emails with deceptive subject lines indicating another "Torrid Cash" opportunity was ending.

59.    On January 19, 2025, Torrid sent an email titled " ⏰ 's almost up! Torrid Cash ends TOMORROW."

60.    The next day, on January 20, 2025, Defendant sent a series of emails: at 5:13 a.m.,

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Defendant sent an email titled, "LAST DAY LAST DAY LAST DAY"; at 1:12 p.m., Defendant sent an email with the heading "FINAL HOURS to redeem Torrid Cash!"; and at 5:26 p.m., Defendant sent an email with the subject line "LAST CALL for Torrid Cash! 💰."

61.     Given Defendant's pattern of deploying misleading email subject lines, however, it is no surprise that including the words "last day" three times in all-caps did not really mean the opportunity was on its last day.

62.     In fact, the very next day, on January 21, 2025, Defendant reversed course in yet another email with the subject line "By demand: Torrid Cash is EXTENDED!"

63.     On July 27, 2025, Torrid deployed the same bait and switch: it sent two emails with subject lines "LAST DAY for Torrid Cash After Party!" and "FINAL HOURS for Torrid Cash After Party!" But on July 28, 2025, Defendant sent an email titled "EXTENDED 1 More Day + a New FESTI Drop!"

64.     This practice of creating false urgency misleads consumers.

65.     In addition to manipulating its fictitious currency, Torrid also engages in time-scarcity email campaigns for sales of its merchandise.

66.     For example, in 2024 and 2025, Torrid led consumers to believe its Labor Day sale would conclude with the end of the Labor Day holiday.

67.     On September 2, 2024, Defendant transmitted two emails about its Labor Day Sale with the subject lines "LAST DAY for Labor Day Sale!" and "FINAL HOURS for 50% off online! NO Exclusions!"

68.     But September 2, 2024 was neither the last day nor the final hours for the sale. On September 3, 2024, Defendant sent an email titled "EXTENDED: Labor Day Sale! 🙌"

69.     Again, on September 1, 2025, Defendant alerted consumers with the subject line

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

"FINAL HOURS 🚨 Labor Day Sale 🚨 "

70.    Words alone were not enough – for good measure, Defendant included the red flashing light emoji ( 🚨 ) to add time pressure.

71.    However, the following day, on September 2, 2025, Defendant sent two emails, at 5:26 a.m. and 1:18 p.m., telling consumers the Labor Day sale had been extended.

72.    On December 2, 2024, Torrid sent emails about its Cyber Monday Sale, with subject lines "LAST DAY to save BIG on faves (& future faves)!" and "FINAL HOURS: 50% off everything + EXTRA 20% off online!"

73.    Then, on December 3, 2024, Torrid sent an email titled "Extended 1 DAY ONLY! Cyber Monday STEALS."

74.    On May 26, 2025, Defendant sent emails about its Memorial Day sale with subject lines like, "Memorial Week Sale ends TONIGHT!", "Gone for good at midnight 🌙 " and FINAL HOURS for 50% off new arrivals!"

75.    Of course, the sale was not gone for good at midnight, because Torrid followed up the next day with an email titled "Missed out? Take 2 MORE DAYS!"

76.    And again, on August 11, 2025, Torrid emailed consumers about a 50% off deal, saying, in the heading, "50% off could be YOURS if you're quick! 2 Days Only," and then again on August 12, it sent another email with the subject, "50% off could be YOURS...but snag it by TONIGHT."

77.    Yet, just two days later, it again offered 50% off in an email with the headline: "Starts NOW! Celebrating You Sale 🎉 ".

78.    Similarly, on September 14, 2025, Defendant sent emails about its Fall Fashion Event deal, including emails with subject lines "LAST DAY for 50% off reg. price, including

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

NEW!" and "Fall Fashion Event ends TONIGHT 📣"

79.    The next day, unsurprisingly, Defendant followed up in another email with the heading "SURPRISE! A treat: 50% off new, EXTENDED! 🍭"

80.    Likewise, on October 7, 2025, Defendant sent an email titled "LAST CHANCE to apply to Casting Call!"

81.    But Defendant knew that would not be the last chance. On October 8, 2025, it continued the offer by sending an email with the subject line "EXTENDED! One more day to apply to Casting Call."

82.    The emails were part of a business strategy to mislead consumers with deceptive sale-ending emails like the ones above, and others.

83.    Occasionally, instead of extending a sale that it misled consumers to believe was ending, Defendant will also indicate a sale is ending, only to commence the same or similar sale immediately thereafter.

84.    These communications are designed to mislead consumers.

85.    For example, on April 28, 2025, Torrid told consumers a 50% off sale was almost over in two emails with subject lines "LAST DAY: 50% off almost everything!" and "Srsly, this is it: FINAL HOURS for 50% off almost EVERYTHING!"

86.    "Srsly," though, that wasn't "it." The very next day, the advertised sale went from 50% off to 70% off. On April 29, 2025, Defendant sent an email titled, "Ready. Set. Sun! SALE: up to 70% off almost everything starts now."

87.    On June 2, 2025, Defendant alerted consumers that a sale on two categories of merchandise was ending. Torrid sent an email with the subject line "FINAL HOURS for up to 70% off select tops & dresses."

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

88.     Contrary to that message, however, Torrid did not end the sale – it *expanded* the sale within 48 hours. On June 4, 2025, Defendant sent an email with the subject line "Starts NOW: Up to 70% off the ENTIRE site!"

89.     Similarly, on September 21, 2025, Torrid led consumers to believe a sale was ending in an email titled "LAST DAY to snag 30-60% off almost everything!"

90.     But, again, instead of ending the sale, Defendant upped the stakes the next day by sending an email on September 22, 2025, with the subject line "It's ON: 40-70% off almost EVERYTHING."

91.     As discussed above, Torrid continues to deploy this strategy in 2025.

92.     These examples of the commercial emails that Defendant has sent consumers containing subject lines with false or misleading statements are attached to this Class Action Complaint as Exhibit A.

**C.     Defendant knows when it sends emails to Washington residents.**

93.     A sophisticated commercial enterprise, like Defendant, which is engaged in persistent marketing through mass email campaigns across the United States, has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly within its knowledge.

94.     First, the sheer volume of email marketing that Defendant engages in put it on notice that Washington residents would receive its emails.

95.     Second, Defendant may obtain location information tied to email addresses when consumers make purchases from Defendant through digital platforms, including the Defendant website, or otherwise self-report such information to Defendant.

96.     Third, Defendant may obtain location information tied to email addresses by

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

tracking the IP addresses of devices used to open its emails, which in turn can be correlated to physical location (as illustrated, for example, by the website https://whatismyipaddress.com/).

97.     Specifically, Defendant appears to use third-party applications to manage its email marketing campaigns, including Cordial and MailGun. These platforms should allow Defendant to access a list of every email address that was sent a marketing email. It should also allow Defendant to determine which email recipients viewed the emails and who clicked on any links within them.

98.     Fourth, Defendant may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other identifiers.

99.     Fifth, Defendant may obtain location information tied to email addresses by using "identity resolution" services offered by companies such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

100.    Sixth, Defendant may obtain information that the recipients of its marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. *See* RCW 19.190.020(2).

101.    It is thus highly probable that a seller with the size and sophistication of Defendant employs not just one but several means of tying consumers' email addresses to their physical locations, at least at the state level.

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**D.    Defendant violated Plaintiff's right under CEMA to be free from deceptive commercial emails.**

102.    Defendant has spammed Plaintiffs with commercial emails whose subject lines contain false or misleading statements in violation of their right to be free from such annoyance and harassment under CEMA.

103.    Plaintiff Perez received several email promotions described above in Section B, to wit: the email dated 12/2/2024 with the subject line "FINAL HOURS: 50% off everything + EXTRA 20% off online!"; the email dated 1/20/2025 with the subject line "LAST CALL for Torrid Cash! 💰"; the email dated 4/28/2025 with the subject line "Srsly, this is it: FINAL HOURS for 50% off almost EVERYTHING! "; the email dated 6/2/2025 with the subject line "FINAL HOURS for up to 70% off select tops & dresses"; the email dated 7/27/2025 with the subject line "FINAL HOURS for Torrid Cash After Party! "; the email dated 9/1/2025 with the subject line "FINAL HOURS 🚨 Labor Day Sale 🚨"; the email dated 9/14/2025 with the subject line "Fall Fashion Event ends TONIGHT 👏"; and the email dated 9/21/2025 with the subject line "LAST DAY to snag 30-60% off almost everything!"

104.    Plaintiff Dalton received several email promotions described above in Section B, to wit: the email dated 9/14/2025 with the subject line "Fall Fashion Event ends TONIGHT 👏"; and the email dated 9/21/2025 with the subject line "LAST DAY to snag 30-60% off almost everything!"

105.    Plaintiff Chong received several email promotions described above in Section B, to wit: the email dated 7/27/2025 with the subject line "FINAL HOURS for Torrid Cash After Party!"; the email dated 7/27/2025 with the subject line "LAST DAY for Torrid Cash After Party!"; the email dated 9/1/2025 with the subject line "FINAL HOURS 🚨 Labor Day Sale 🚨"; the email

CLASS ACTION COMPLAINT – 15

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

dated 9/14/2025 with the subject line "Fall Fashion Event ends TONIGHT 👆"; and the email

dated 9/21/2025 with the subject line "LAST DAY to snag 30-60% off almost everything!"

106.    Plaintiff Heiss received several email promotions described above in Section B, to

wit: the emails dated 5/26/25 with the subject lines, "Memorial Week Sale ends TONIGHT!",

"Gone for good at midnight 🌙" and FINAL HOURS for 50% off new arrivals!"; the emails dated

7/27/2025 with the subject lines "FINAL HOURS for Torrid Cash After Party!" and "LAST DAY

for Torrid Cash After Party!"; the email dated 8/11/25 with the subject line "50% off could be

YOURS if you're quick! 2 Days Only"; and the email dated 8/12/25 with the subject line "50% off

could be YOURS...but snag it by TONIGHT."

107.    These emails were false or misleading in violation of CEMA, for misrepresenting

the timing of the deals, as described herein.

108.    These emails contained false statements of fact as to the "duration or availability of

a promotion." *Brown*, 567 P.3d at 47.

## V.    CLASS ALLEGATIONS

109.    Plaintiffs bring this action under Civil Rule 23 on behalf of the following putative

class ("Class"):

> All Washington citizens holding an email address to which
> Defendant sent or caused to be sent any email listed in Exhibit A
> during the Class Period.

110.    Excluded from this definition of the Class are Defendant's officers, directors, and

employees; Defendant's parents, subsidiaries, affiliates, and any entity in which Defendant has a

controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this

action may be assigned, as well as their immediate family members.

111.    The Class Period extends from the date four years before this Class Action

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

Complaint is filed to the date a class certification order is entered in this action.

112.    Plaintiffs reserve the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents.

113.    The Class is so numerous that joinder of all members is impracticable because the Class is estimated to minimally contain thousands of members.

114.    There are questions of law or fact common to the class, including without limitation whether Defendant sent commercial emails containing false or misleading information in the subject line; whether Defendant sent such emails to email addresses it knew or had to reason to know were held by Washington residents; whether Defendant's conduct violated CEMA; whether Defendant's violation of CEMA constituted a *per se* violation of the Consumer Protection Act, RCW 19.86.020 (CPA); and whether Defendant should be enjoined from such conduct.

115.    Each Plaintiff's claims are typical of the Class's because, among other reasons, Plaintiff and Class members share the same statutory rights under CEMA and the CPA, which Defendant violated in the same way by the uniform false or misleading marketing messages it sent to all putative members.

116.    Each Plaintiff will fairly and adequately protect the Class's interests because, among other reasons, each Plaintiff shares the Class's interest in avoiding unlawful false or misleading marketing; has no interest adverse to the Class; and has retained competent counsel extensively experienced in consumer protection and class action litigation.

117.    Defendant has acted on grounds generally applicable to the Class, in that, among other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiffs and the Class, which violate CEMA and the CPA in the same way, and from which it may be

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

enjoined as to Plaintiff and all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

118.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, in that, among other ways, Defendant has violated their rights under the same laws by the same conduct, and the only matters for individual determination are the number of false or misleading emails received by each Class member and that Class member's resulting damages.

119.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other reasons, the claims at issue may be too small to justify individual litigation and management of this action as a class presents no special difficulties.

## VI.    CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

120.    Plaintiffs incorporate and reallege paragraphs 1–108 above.

121.    CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

122.    Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

123.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the

CLASS ACTION COMPLAINT – 18

1    meaning of CEMA. RCW 19.190.010(2).

2    124.    Defendant initiated the transmission, conspired with another to initiate the

3    transmission, or assisted the transmission of such messages to electronic mail addresses that

4    Defendant knew, or had reason to know, were held by Washington residents, including because

5    Defendant knew that Plaintiffs and putative members were Washington residents as such

6    "information is available, upon request, from the registrant of the internet domain name contained

7    in the recipient's electronic mail address." RCW 19.190.020(b)(2).

8    125.    Defendant initiated the transmission, conspired with another to initiate the

9    transmission, or assisted the transmission of such messages that contained false or misleading

10    information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

11    126.    For Defendant's violation of CEMA, Plaintiffs are entitled to all available relief,

12    including an injunction against further violations.

13    <u>**Second Claim to Relief**</u>

14    **Violation of the Consumer Protection Act, RCW 19.86.020**

15    127.    Plaintiffs incorporate and reallege paragraphs 1–108 above.

16    128.    The CPA provides that "[u]nfair methods of competition and unfair or deceptive

17    acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

18    RCW 19.86.020.

19    129.    A violation of CEMA is a *per se* violation of the CPA. RCW 19.190.030.

20    130.    A violation of CEMA establishes all the elements necessary to bring a private action

21    under the CPA. *Wright v. Lyft*, 189 Wn. 2d 718 (2017).

22    131.    CEMA provides that "[n]o person may initiate the transmission, conspire with

23    another to initiate the transmission, or assist the transmission, of a commercial electronic mail

24

25    CLASS ACTION COMPLAINT – 19

message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

132.     Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

133.     Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

134.     Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents.

135.     Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

136.     For Defendant's violation of the CPA, Plaintiffs and putative class members are entitled to an injunction against further violations; the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

**VII.    JURY DEMAND**

137.     Plaintiffs will demand a jury trial by separate document in accordance with Local Civil Rule 38(b).

\\

\\

\\

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

# VIII.   PRAYER FOR RELIEF

Plaintiff ask the Court to:

A.      Certify the proposed Class, appoint Plaintiffs as Class representatives, and appoint undersigned counsel as Class counsel;

B.      Enter a judgment in Plaintiffs and the Class's favor permanently enjoining Defendant from the unlawful conduct alleged;

C.      Enter a judgment in Plaintiffs and the Class's favor awarding actual or liquidated damages, trebled, according to proof;

D.      Award Plaintiffs costs of suit, including reasonable attorneys' fees; and

E.      Order such further relief the Court finds appropriate.


*[Counsel signature block to follow on next page.]*

CLASS ACTION COMPLAINT – 21

Date: October 16, 2025

Respectfully submitted,

/s/ Samuel J. Strauss

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
John C. Roberts*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com
jroberts@stranchlaw.com

*Attorneys for Plaintiffs*

* Applications for admission *pro hac vice* forthcoming

CLASS ACTION COMPLAINT – 22

— **EXHIBIT  A** —

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

8

ANGELLINA PEREZ, TABITHA DALTON,
KAELA CHONG, and CHANDLER HEISS
on behalf of themselves and all others
similarly situated,

Case No.: _____

9

10

CLASS ACTION COMPLAINT

Plaintiffs,

EXHIBIT A

11

12

vs.

13

TORRID, LLC,

14

Defendant.

| Date | Email Subject Line |
|------|--------------------|
| 1/20/2024 | PSA 🔔 LAST 2 days to earn 3x points + redeem Torrid Cash in... |
| 1/21/2024 | Final hours! Redeem your Torrid cash and earn 3x points 🔔 |
| 7/30/2024 | 🚩 Your Torrid Cash EXPIRES today 🚩 |
| 9/2/2024 | FINAL HOURS for 50% off online! NO Exclusions! |
| 9/2/2024 | LAST DAY for Labor Day Sale! |
| 10/13/2024 | ⏰ Only HOURS LEFT to redeem TORRID CASH! ⏰ |
| 10/13/2024 | 💥 LAST DAY to redeem Torrid Cash! Don't lose it, USE it! 💥 |
| 10/17/2024 | 👆 Really. Truly. FINAL HOURS to redeem Torrid Cash! 👆 |
| 10/17/2024 | LAST DAY 💥 To Redeem 💥 TORRID CASH! |
| 12/2/2024 | FINAL HOURS: 50% off everything + EXTRA 20% off online! |
| 12/2/2024 | LAST DAY to save BIG on faves (& future faves)! |
| 1/19/2025 | ⏰ 's almost up! Torrid Cash ends TOMORROW |
| 1/20/2025 | LAST CALL for Torrid Cash! 💰 |
| 1/20/2025 | FINAL HOURS to redeem Torrid Cash! |
| 1/20/2025 | LAST DAY LAST DAY LAST DAY |

15

16

17

18

19

20

21

22

23

24

25

CLASS ACTION COMPLAINT
EXHIBIT A– 1

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

| Date | Email Subject Line |
|---|---|
| 4/28/2025 | Srsly, this is it: FINAL HOURS for 50% off almost EVERYTHING! |
| 4/28/2025 | LAST DAY: 50% off almost everything! |
| 5/26/2025 | Gone for good at midnight 🌙 |
| 5/26/2025 | Memorial Week Sale ends TONIGHT! |
| 5/26/2025 | FINAL HOURS for 50% off new arrivals! |
| 6/2/2025 | FINAL HOURS for up to 70% off select tops & dresses |
| 7/27/2025 | FINAL HOURS for Torrid Cash After Party! |
| 7/27/2025 | LAST DAY for Torrid Cash After Party! |
| 7/27/2025 | FINAL HOURS for 50% off new arrivals! |
| 7/27/2025 | ALERT: 2 days left to use your Torrid Cash! 🤑 |
| 7/28/2025 | 💰 Last day to redeem Torrid Cash on Better-Than-Black-Friday... |
| 8/11/2025 | 50% off could be YOURS if you're quick! 2 Days Only |
| 8/12/2025 | 50% off could be YOURS...but snag it by TONIGHT |
| 9/1/2025 | FINAL HOURS 🚨 Labor Day Sale 🚨 |
| 9/14/2025 | Fall Fashion Event ends TONIGHT 💰 |
| 9/14/2025 | LAST DAY for 50% off reg. price, including NEW! |
| 9/21/2025 | LAST DAY to snag 30-60% off almost everything! |
| 10/7/2025 | LAST CHANCE to apply to Casting Call! |
| 10/12/2025 | Torrid Cash = GONE for good at midnight |
| 10/12/2025 | USE IT OR LOSE IT 💰 |
| 10/12/2025 | 💰 LAST DAY to redeem Torrid Cash 💰 |

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 16 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

| | |
|---|---|
| ANGELLINA PEREZ, TABITHA DALTON, KAELA CHONG, and CHANDLER HEISS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TORRID, LLC,<br><br>Defendant. | Case No.: _____<br><br>SUMMONS |

**TO:**          **PIERCE COUNTY SUPERIOR COURT CLERK**
**AND TO:**     **TORRID, LLC**

A lawsuit has been started against you in the above-entitled court by Plaintiffs Angellina Perez, Tabitha Dalton, Kaela Chong, and Chandler Heiss, by and through their attorney, Samuel J. Strauss of Strauss Borrelli PLLC. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or 60 days if you were personally served outside the state, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not

SUMMONS– 1

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

*[Counsel signature block to follow on next page.]*

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Date: October 16, 2025

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
John C. Roberts*
**STRANCH, JENNINGS &
GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com
jroberts@stranchlaw.com

*Attorneys for Plaintiffs*

* Applications for admission *pro hac
vice* forthcoming

SUMMONS– 3

## NOTICE RE:MILITARY SERVICE MEMBERS

**NOTICE**: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member of the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice.

If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active-duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 ● FAX 872.863.1109
straussborrelli.com

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 16 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

**SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY**
**CASE COVER SHEET / CIVIL CASE**

Case Title ANGELLINA PEREZ VS. TORRID LLC

Case Number 25-2-12369-9

Atty/Litigant Samuel Joseph Strauss

Bar# 46971    Phone (872) 263-1100

Address 980 N Michigan Ave Ste 1610

City CHICAGO                State IL

Zip Code 60611

Email Address

Please check one category that best describes this case for indexing purposes.
*If you cannot determine the appropriate category, Please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.*

**APPEAL / REVIEW**
___Administrative Law Review (ALR 2) REV 6
___Civil, Non-Traffic (LCA 2) REV 6
___Civil, Traffic (LCI 2) REV 6
___Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
___Breach of Contract, Commercial Non-Contract
     or Commercial-Contract (COM 2) STANDARD
___Third Party Collection (COL 2) REV 4

**JUDGEMENT**
___Judgement, Another County or Abstract
     Only (ABJ 2) Non PCLR
___Transcript of Judgement (TRJ 2) Non PCLR
___Foreign Judgement Civil or Judgement,
     Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
___Death, Non-Death Injuries or Property
     Damage Only (TMV 2) STANDARD

**TORT / NON MOTOR VEHICLE**
___Other Malpractice (MAL 2) COMPLEX
___Personal Injury (PIN 2) STANDARD
___Property Damage (PRP 2) STANDARD
___Wrongful Death (WDE 2) STANDARD
___Other Tort, Products Liability or Asbestos
     (TTO 2) COMPLEX

**PROPERTY RIGHTS**
___Condemnation (CON 2) STANDARD
___Foreclosure (FOR 2) REV 4
___Property Fairness (PFA 2) STANDARD
___Quiet Title (QTI 2) STANDARD
___Unlawful Detainer / Eviction (UND 2) REV 4
___Unlawful Detainer / Contested (UND 2) REV 4

**OTHER COMPLAINT OR PETITION**
___Compel/Confirm Bind Arbitration, Deposit of
     Surplus Funds, Interpleader, Subpoenas, Victims'
     Employment Leave, or Wireless Number Disclosure,
     Miscellaneous (MSC 2) REV 4
___Injunction (INJ 2) REV 4
___Malicious Harassment (MHA 2) Non PCLR
___Meretricious Relationship (MER 2) REV 4
___Minor Settlement/No Guardianship (MST2) REV 4
___Pet for Civil Commit/Sex Predator (PCC2) REV 4
___Property Damage Gangs (PRG 2) REV 4
___Relief from Duty to Register (RDR) REV 12
___Restoration of Firearm Rights (RFR 2) REV 4
___Seizure of Property/Comm. of Crime (SPC2) REV 4
___Seizure of Property Result from Crime (SPR2) REV 4
___Trust/Estate Dispute Resolution (TDR2) REV 12
___Restoration of Opportunity (CRP) REV 4

**TORT / MEDICAL MALPRACTICE**
___Hospital, Medical Doctor, or Other Health Care
     Professional (MED2) COMPLEX

**WRIT**
___Habeas Corpus (WHC 2) REV 4
___Mandamus (WRM 2) REV 4
___Review (WRV 2) REV 4
___Miscellaneous Writ (WMW 2) REV 4

**MISCELLANEOUS**_____

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 16 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

1

2

3

4

5

6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

7

8

ANGELLINA PEREZ, TABITHA DALTON, KAELA CHONG, and CHANDLER HEISS on behalf of themselves and all others similarly situated,

Case No.: _____

9

JURY DEMAND

Plaintiffs,

10

vs.

11

12

TORRID, LLC,

13

Defendant.

14

15

        Plaintiffs Angellina Perez, Tabitha Dalton, Kaela Chong, and Chandler Heiss (together,

16

"Plaintiffs"), on their own behalf and on behalf of others similarly situated, hereby demand a

17

trial by a twelve-person jury in the above-entitled action upon all issues.

18

19

        *[Counsel signature block to follow on next page.]*

20

21

22

23

24

25

JURY DEMAND – 1

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Date:  October 16, 2025

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
John C. Roberts*
**STRANCH, JENNINGS &**
**GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com
jroberts@stranchlaw.com

*Attorneys for Plaintiffs*

* Applications for admission *pro hac*
*vice* forthcoming

JURY DEMAND – 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF PIERCE

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 21 2025 4:27 PM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

**ANGELLINA PEREZ, TABITHA DALTON, KAELA CHONG, and CHANDLER HEISS on behalf of themselves and all others similarly situated,**

    *Plaintiff(s) / Petitioner(s)*

v.

**TORRID, LLC,**

    *Defendant(s) / Respondent(s)*

Case No.: 25-2-12369-9

## AFFIDAVIT OF SERVICE

I, Karen Wolcott, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to TORRID, LLC in Thurston County, WA on October 16, 2025 at 12:52 pm at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501 by leaving the following documents with  who as  at CSC is authorized by appointment or by law to receive service of process for TORRID, LLC.

JURY DEMAND
CLASS ACTION COMPLAINT, EXHIBIT A
SUMMONS
CASE COVER SHEET / CIVIL CASE
CASE COVER SHEET / CIVIL CASE
ORDER SETTING CASE SCHEDULE

Additional Description:
Ellen Jones was on duty. Caucasian female, age 67, 5 foot tall 110 pounds brown hair

, est. age Unknown, glasses: N,  hair, .
Geolocation of Serve: https://google.com/maps?q=47.0131034,-122.9056768
Photograph: See Exhibit 1

Total Cost: $127.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

/s/ Karen Wolcott

Executed in

Grays Harbor County ,

WA    on    10/18/2025    .

Signature
Karen Wolcott
+1 (360) 448-1014
25-0114-02



E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 16 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY**

ANGELLINA PEREZ

Plaintiff(s)

Vs.

TORRID LLC

Defendant(s)

No. 25-2-12369-9

ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | CPA |
| Estimated Trial (days): | |
| Track Assignment: | Standard |
| Assignment Department: | 19 |
| Docket Code: | **ORSCS** |

| | |
|---|---|
| Confirmation of Service - All Parties Served | 11/13/2025 |
| Confirmation of Joinder of Parties, Claims and Defenses | 2/12/2026 |
| Jury Demand | 2/19/2026 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 4/9/2026 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 5/7/2026 |
| Disclosure of Rebuttal Witnesses | 6/25/2026 |
| Deadline for Filing Motion to Adjust Trial Date | 7/23/2026 |
| Discovery Cutoff | 8/27/2026 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 9/10/2026 |
| Joint Statement of Evidence | 9/17/2026 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 9/17/2026 |
| Deadline for Hearing Dispositive Pretrial Motions | 9/17/2026 |
| Pretrial Conference | Week of 10/1/2026 |
| Trial | 10/15/2026 9:00 |

**NOTICE TO PLAINTIFF/PETITIONER**

If the case has been fields, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

A FREE LINX account is required in order to access electronic services (including e-filing, e-service, order submissions, etc). You can setup your free LINX account here: **https://www.piercecountywa.gov/374/E-Filing**

**NOTICE TO ALL PARTIES**

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: October 16, 2025

Judge Philip K. Sorensen
Department 19

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 06 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12369-9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**FOR THE COUNTY OF PIERCE**

| | |
|---|---|
| ANGELLINA PEREZ, TABITHA DALTON, KAELA CHONG, and CHANDLER HEISS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TORRID, LLC, <br><br> Defendant. | Case No. 25-2-12369-9 <br><br> **NOTICE OF APPEARANCE** |

TO:         THE CLERK OF THE COURT;

AND TO:     PLAINTIFFS AND ALL ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that Defendant Torrid, LLC ("Torrid" or "Defendant"), appears by and through attorney Meegan B. Brooks of Benesch, Friedlander, Coplan & Aronoff LLP, in the above-entitled cause and requests that all further correspondence and pleadings (except original process) herein be served upon the undersigned attorney at the address below stated. This Notice of Appearance is made specifically without waiver of any defenses or objections by Defendant as to personal jurisdiction, venue, process, service of process, or any other claims or defenses in law or equity.

NOTICE OF APPEARANCE - 1
Case No. 25-2-12369-9

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

Dated:  November 5, 2025

Respectfully submitted,

*/s/ Meegan B. Brooks*
MEEGAN B. BROOKS (WA 62516)
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone:  628.600.2232
Email:  mbrooks@beneschlaw.com

*Attorney for Defendant Torrid, LLC.*

NOTICE OF APPEARANCE - 2
Case No. 25-2-12369-9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of November, 2025, I caused to be served the foregoing **NOTICE OF APPEARANCE** on the following party at the following address:

Samuel J. Strauss
Raina C. Borrelli
**STRAUSS BORRELLI, LLP**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Email: sam@straussborrelli.com
Email: raina@straussborrelli.com

J. Gerard Stranch, IV
Michael C. Tackeff
Andrew K Murray
John C. Roberts
**STRANCH, JENNINGS &**
**GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Email: gstranch@stranchlaw.com
Email: mtackeff@stranchlaw.com
Email: amurray@stranchlaw.com
Email: jroberts@stranchlaw.com

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Email: ltoops@cohenmalad.com
Email: ibensberg@cohenmalad.com

*Attorneys for Plaintiffs Angellina Perez, Tabitha Dalton,*
*Kaela Chong, And Chandler Heiss*

NOTICE OF APPEARANCE - 3
Case No. 25-2-12369-9

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

1    X      via U.S. Postal Service, ordinary first-class mail

2    ☐      via U.S. Postal Service, certified or registered mail

3    ☐      via return receipt requested

4    ☐      via hand delivery

5    ☐      via facsimile

6    ☐      via electronic service

7    X      via other (specify) E-Mail

8         I declare under penalty of perjury that the foregoing is true and correct.

9                                                      _/s/ Meegan B. Brooks_____

10                                                     Meegan B. Brooks (WA 62516)

NOTICE OF APPEARANCE - 4
Case No. 25-2-12369-9

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828