The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELLINA PEREZ, TABITHA DALTON, KAELA CHONG, and CHANDLER HEISS on behalf of themselves and all other similarly situated,

Plaintiffs,

vs.

TORRID, LLC,

Defendant.

No. 3:25-cv-06020-DGE

**PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)**

I.      **INTRODUCTION**

Pursuant to this Court's Order on Marh 6, 2026 (Dkt. 20), Plaintiffs Angellina Perez, Tabitha Dalton, Kaela Chong, and Chandler Heiss ("Plaintiffs") and Defendant Torrid, LLC ("Torrid" or "Defendant")(collectively, the "Parties"), present this Joint Status Report, pursuant to Fed. R. Civ. P. 26(f). The Parties conferred by videoconference on Monday, May 4, 2026, in a Rule 26(f) conference about the topics recited in this report.

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 1

## II.    JOINT STATUS REPORT

### 1.    A statement of the nature and complexity of the case.

This is a proposed class action case originally filed on October 16, 2025, in Washington Superior Court, Pierce County (Case No. 25-2-12369-9). The case was removed to this Court by Defendant on November 14, 2025. Dkt. 1.

Plaintiffs have pled claims against Defendant on behalf of themselves and proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020. *See generally id*. Plaintiffs allege, in summary, that Defendant engages in a pattern of spamming Plaintiffs and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. *Id.* at ¶¶ 32-92. As pled by Plaintiffs, these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a *per se* violation of the CPA.  *Id.* at ¶¶ 125, 127-136. Defendant filed a Motion to Dismiss Plaintiffs' Complaint in its entirety on April 13, 2026, Dkt. 21, arguing, *inter alia*, that Plaintiffs did plausibly plead a CEMA violation, let alone with the required particularity, because Plaintiffs failed to adequately allege Defendant knew Plaintiffs were Washington residents, failed to plead that anything in the subject lines was false or misleading, and did not adequately allege a conspiracy.  Defendant also argues that Plaintiffs' CEMA claim is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM") and does not fall into the CAN-SPAM exception because the Complaint fails to adequately allege materiality, reliance, or that Plaintiffs suffered any fraud based

injury (economic or otherwise).  Defendant further argues that Plaintiffs' CPA claim fails because it is derivative of their CEMA claim.  Plaintiffs filed their Opposition on May 13, 2026 and Defendant's Reply is due to be filed June 3, 2026.  Importantly, and of relevance to the argument that Defendant made in its Motion to Dismiss that Plaintiffs did not suffer any fraud based injury -- multiple courts have stayed CEMA and CPA cases in their entirety in light of the Washington Supreme Court's recent April 2026 decision in *Montes v. SPARC Group, LLC,* No. 23-35496, which is now before the United States Court of Appeals for the Ninth Circuit. This appeal follows the Washington Supreme Court's answer to the question certified by the Ninth Circuit where the court held a consumer who alleges she purchased a product at the advertised price because of a misrepresentation about the product's discounted price, comparative price, or price history did not allege a cognizable CPA injury because she did not allege an objective economic loss; "disappointment" is not a cognizable injury.  *Montes v. SPARC Group LLC,* 2026 WL 900481 (Wash. Apr. 2, 2026).  *See Harrington v. Vineyard Vines, LLC*, C25-1115 (W.D. Wash.) (staying case until further order of the Court in light of *Montes v. SPARC Group, LLC,* No. 23-35496, which is now before the United States Court of Appeals for the Ninth Circuit, following the Washington Supreme Court's answer to the question certified by the Ninth Circuit); *Kempf v. FullBeauty Brands Operations LLC* (W.D. Wash.), C25-1141 (same); *Perdomo v. Fullbeauty Brands Operations LLC*, 3:25-cv-05844-TSZ(W.D. Wash.) (same).

**2.      Proposed deadline for the joining of additional parties.**

The Parties propose that the deadline to join additional parties will be 90 days prior to the close of discovery.

**3.      Consent to case assignment to magistrate judge.**

No.

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 3

**4.      Discovery Plan.**

**A.  Initial Disclosures;**

Plaintiffs' Position: The Parties already exchanged initial disclosures and Plaintiff is meeting and conferring with Defendant on deficiencies in Defendant's disclosures.

Defendant's Position: The Parties already exchanged initial disclosures.  Plaintiffs contend that Defendant's initial disclosures are deficient, and Defendant contends that they are sufficient given that Defendant has a pending Motion to Dismiss that is potentially dispositive of the entire matter and that discovery is unnecessary at this time.  *See e.g., In re Amazon Serv. Fee Litig., No.* 2:22-CV-00743-TL, 2022 WL 22877300, at *1 (W.D. Wash. Dec. 23, 2022)(staying discovery, including the exchange of initial disclosures, pending the resolution of a motion to dismiss because "[i]it is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *see also Bosh v. United States,* No. C19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019)(granting defendants' motion to stay discovery and vacating deadlines for initial disclosures and joint status report until resolution of defendants' motion to dismiss to promote efficiency and avoid discovery costs to litigants).

**B.  Subjects, timing, and potential phasing of discovery;**

Plaintiffs' Position: Plaintiffs seek discovery regarding Defendant's email marketing campaigns, all interactions with the Plaintiffs, documents concerning Defendant's selection of subject headings for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices alleged in the operative Complaint; (2) the identity and actions of agents of the Defendant

in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Classes; (4) all evidence relating to the email communications at issue; (5) all data showing how the email subject headings affected sales; (6) any defenses; and (7) related communications and records in Defendant's possession.

Plaintiffs oppose any phasing of discovery as it is often impossible to differentiate what discovery relates to the merits and what relates to class certification (often because it is frequently both). Phasing can also be inefficient because it could mean that a person is deposed in the class certification phase and then again in the merits phase. It also frequently leads to more disputes and more burden on this Court to resolve those disputes. Plaintiffs are willing to consider any request by Defendant to delay responding to specific requests or interrogatories until after class certification, but Plaintiffs do not agree to a discovery plan that would provide for separate and discrete class and merits discovery phases.

Plaintiffs propose that discovery should be completed within ten (10) months of the Court's decision on Defendant's Motion to Dismiss Plaintiffs' Complaint.

Defendant's Position:  Defendant objects to any exchange of discovery until the pleadings are final and Defendant can identify the nature of Plaintiffs' claims.  *See e.g., In re Amazon Serv. Fee Litig., No.* 2:22-CV-00743-TL, 2022 WL 22877300, at *1 (W.D. Wash. Dec. 23, 2022)(staying discovery pending the resolution of a motion to dismiss because "[i]it is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *see also Bosh v. United States,* No. C19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019)(granting defendants' motion to stay discovery and vacate deadlines for initial disclosures and joint status report until resolution of defendants' motion to dismiss to promote efficiency and avoid discovery

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 5

costs to litigants). Plaintiffs should not be given access to Defendant's confidential and proprietary pricing documents and sales information until this Court decides what claims are truly at issue. Indeed, Defendant has moved to dismiss *all* of Plaintiffs' claims not only on the grounds that Plaintiffs failed to allege facts to support their conclusory allegations, but also on the grounds that they are expressly preempted by federal law.  These are defects that cannot be cured by an amendment.  If Plaintiffs' Complaint survives the Motion, any discovery that Plaintiffs serve should be solely focused on information relevant to class certification.  Defendant intends to move for a stay of discovery pending a ruling on its Motion to Dismiss, which has not even been fully briefed yet.

### C. Electronically stored information.

If Defendant's Motion to Dismiss is denied, and discovery proceeds or the Parties voluntarily agree to share information, the Parties anticipate the exchange of some Electronically Stored Information ("ESI") and are currently negotiating a modified version of the Model Protocol for Discovery of ESI.

### D. Privilege issues.

The Parties will submit a proposed Stipulated Protective Order that will provide an agreed procedure for handling confidentiality designations in this matter, including inadvertent production of privileged and/or protected material. The Parties will use the Court's model stipulated protective order in submitting their proposed stipulation, and, if any changes are proposed to the model stipulated protective order, the Parties will abide by the Court's rules in submitting.  The Parties are unaware of any unique or specific issues of privilege in this case and will confer in good faith on negotiating a Stipulated Protective Order.

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 6

### E. Proposed limitations on discovery.

Plaintiffs' Position: Plaintiffs do not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. Plaintiffs reserve the right to seek modifications in the future, including additional interrogatories or depositions if necessary.

Defendant's Position: Defendant maintains that discovery is premature before its Motion to Dismiss is decided, and intends to move for a temporary stay of discovery.  If Defendant's Motion to Dismiss is denied and the Parties cannot agree to appropriately limit the scope of discovery as it relates to Plaintiffs' Motion for Class Certification, if Plaintiffs' file one, Defendant reserves all rights to move for a bifurcation of discovery related to Plaintiffs' Motion.

### F. Need for any discovery related orders.

Plaintiffs' Position: Plaintiff will seek Court intervention on discovery-related issues if necessary.

Defendant's Position: As noted above, Defendant intends to move for a temporary stay of discovery while its Motion to Dismiss is pending and also reserves all rights to move for a bifurcation of discovery as it relates Plaintiffs' Motion for Class Certification, if Plaintiffs' file one.

### 5. Local Rule 26(f)(1) Topics.

### A. Prompt case resolution.

The Parties will work efficiently to resolve any disputed issues in this case and believe that it is too early to assess prompt case resolution at this point.

**B. Alternative dispute resolution.**

The Parties agree that if Defendant's Motion to Dismiss is denied, that private mediation would likely suit the needs of this case, should the case proceed beyond the pleadings.

**C. Related cases.**

On November 25, 2025 Defendant filed a Notice of Related Case, Dkt. 11, identifying *Malina Brown v. Torrid LLC*, Case No. 2:25-cv-02329-JHC as a related case. In *Brown v. Torrid*, Plaintiff filed a Notice of Voluntary Dismissal with prejudice as to her claims and without prejudice to the extent she made it in her capacity as a proposed representative of a putative class on February 18, 2026. Dkt. 15. The Court dismissed the case on February 19. 2026. Dkt. 16.

**D. Discovery management.**

The Parties intend to adhere to the discovery procedures as set forth in the Federal Rules of Civil Procedure. If Defendant's Motion is denied, the parties intend to take discovery on the claims and defenses asserted in the operative pleadings and intend to cooperate in managing discovery efficiently.

**E. Anticipated discovery sought.**

Plaintiffs' Position: *See* Section 4(B) above. Plaintiffs anticipate ESI discovery from Defendant. The Parties expect to exchange written discovery, expert reports, and take fact and expert witness depositions. This includes individual and classwide discovery occurring simultaneously because discovery will overlap greatly, if not entirely.

Defendant's Position: Defendant objects to any exchange of discovery until the pleadings are final and Defendant can identify the nature of Plaintiffs' claims. *See e.g., In re Amazon Serv. Fee Litig., No.* 2:22-CV-00743-TL, 2022 WL 22877300, at *1 (W.D. Wash. Dec. 23, 2022)(staying discovery pending the resolution of a motion to dismiss because "[i]it is sounder

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 8

practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *see also Bosh v. United States,* No. C19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019)(granting defendants' motion to stay discovery and vacate deadlines for initial disclosures and joint status report until resolution of defendants' motion to dismiss to promote efficiency and avoid discovery costs to litigants). Plaintiffs should not be given access to Defendant's confidential and proprietary pricing documents and sales information until this Court decides what claims are truly at issue. Indeed, Defendant has moved to dismiss *all* of Plaintiffs' claims not only on the grounds that Plaintiffs failed to allege facts to support their conclusory allegations, but also on the grounds that they are expressly preempted by federal law.  These are defects that cannot be cured by an amendment.  If Plaintiffs' Complaint survives the Motion, any discovery that Plaintiffs serve should be solely focused on information relevant to class certification.  Defendant intends to move for a stay of discovery pending a ruling on its Motion to Dismiss, which has not even been fully briefed yet.

### F.  Phasing motions.

Defendant's Motion to Dismiss is currently pending before this Court and is not yet fully briefed. The next substantive motion briefing, if Defendant's Motion is denied, will likely be Plaintiffs' Motion for Class Certification.

### G.  Preservation of discoverable information.

The Parties are aware of their respective preservation obligations. At this time, there are no issues on the preservation of discoverable information.

### H.  Privilege issues.

The Parties refer to their statement in Section 4(D) above.

**I. Model Protocol for Discovery of ESI.**

The parties refer to their statement in Section 4(C) above.

**J. Alternatives to Model Protocol.**

The Parties agree to abide by the Local Civil Rule 26(f)(1)(J) if alternatives need to be made to the Model Protocol and will meet and confer to agree on any alternatives submitted as a stipulation.

**6.        The date by which discovery can be completed.**

Plaintiffs' position is that: discovery should be completed within ten (10) months of the Court's decision on Defendant's Motion to Dismiss Plaintiffs' Complaint.

Defendant's position is that: it is premature to set a deadline for the completion of discovery, and other deadlines, until the Court rules on Defendant's pending Motion to Dismiss.

**7.        Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

Plaintiffs' Position: Plaintiffs oppose any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. See 4(B) above.

Defendant's Position:  Defendant objects to exchanging discovery until the pleadings are final and Defendant can identify the nature of Plaintiffs' claims.  *See e.g., In re Amazon Serv. Fee Litig., No.* 2:22-CV-00743-TL, 2022 WL 22877300, at *1 (W.D. Wash. Dec. 23, 2022)(staying discovery pending the resolution of a motion to dismiss because "[i]it is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *see also Bosh v. United States,* No. C19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019)(granting defendants' motion to

stay discovery and vacate deadlines for initial disclosures and joint status report until resolution of defendants' motion to dismiss to promote efficiency and avoid discovery costs to litigants).Plaintiffs should not be given access to Defendant's confidential and proprietary pricing documents and sales information until this Court decides what claims are truly at issue.  As previously discussed, Defendant has moved to dismiss *all* of Plaintiffs claims not only on the grounds that Plaintiffs failed to allege facts to support their conclusory allegations, but also on the grounds that they are expressly preempted by federal law.  These are defects that cannot be cured by an amendment.  If Plaintiffs' Complaint survives a Motion to Dismiss, and Plaintiffs seek to serve any discovery prior to their motion for class certification, such discovery should focus solely on information relevant to class certification.

**8.      Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

At this time, the Parties do not believe that the pretrial statements or pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy. The Parties reserve the right to amend later if it becomes too burdensome.

**9.      Any other suggestions for shortening or simplifying the case.**

The Parties do not currently have other suggestions for simplifying or shortening the case.

Plaintiffs' Position:  Plaintiffs anticipate filing a Motion for Class Certification of this matter, after the close of discovery and propose that the Motion be filed **30 days after the close of discovery**, with Defendant's response due on or before **45 days** after the Motion is filed, and Plaintiffs' reply in further support due on or before **30 days** after the filing of a response.

Defendant's Position:  Defendant's position is that a scheduling order is premature at this stage, and the Court should revisit this after deciding Defendant's Motion to Dismiss.

**10.    The date the case will be ready for trial.**

Plaintiffs' Position: The parties anticipate that this case will be ready for trial within **fourteen (14) months** of the Court's decision on Defendant's Motion to Dismiss Plaintiffs' Complaint. The need for additional time past the filing of this Joint Report is for a few reasons. The first being the complexity of the issues of this case and need for extensive discovery on both liability and damages. Second, Plaintiffs will move for class certification which will take a few months for the parties to brief, for the motion to be heard, and a decision entered by the Court. Third, Defendant filed a Motion to Dismiss Plaintiffs' Complaint which is currently not yet fully briefed and will additionally need to be ruled on by the Court once fully briefed. Plaintiffs intend to push discovery and litigation in this case, but based on prior experience, the parties will likely need additional time to complete discovery and be prepared for trial.

Defendant's Position:  Defendant's position is that it is premature to set any trial dates until after this Court decides its pending Motion to Dismiss.

**11.    Whether the trial will be jury or non−jury.**

Plaintiffs have requested a trial by jury.

**12.    The number of trial days required.**

The parties anticipate a jury trial lasting 7 days.

**13.    The names, addresses, and telephone numbers of all trial counsel.**

Counsel for Plaintiffs:
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, *pro hac vice* application forthcoming
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 12

Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com

J. Gerard Stranch, IV, admitted *pro hac vice*
Michael C. Tackeff, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com


Counsel for Defendant:
Meegan B Brooks, WSBA No. 62516
Stephanie Sheridan, *pro hac vice* application forthcoming
Christopher Stretch, *pro hac vice* application forthcoming
Whitney R. Miner, *pro hac vice* application forthcoming
BALLARD SPAHR LLP
71 Stevenson Street, Suite 400
San Francisco, California 94105
424.204.4400
brooksm@ballardspahr.com
sheridans@ballardspahr.com
stretchc@ballardspahr.com
minerw@ballardspahr.com

Cornelia Brandfield-Harvey, WSBA No. 59746
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
206.332.1380
cbrandfieldharvey@bakerlaw.com

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 13

**14.    The dates on which Trial Counsel may have conflicts or other complications to be considered in setting a trial date.**

At this time, the parties do not have any conflicts or other complications when setting a trial date. If a conflict or complication arises, the parties are to immediately notify the Court.

**15.    If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiffs shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All named defendants have been properly served in this case.

**16.    Whether any party wishes a pretrial FRCP 16 conference with the judge prior to entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person or telephonic conference.**

The parties do not wish to have a scheduling conference in advance of the Court's entry of a scheduling order in this case unless the Court sees fit, then the parties would be happy to attend a scheduling conference with the Court prior to the entry of a scheduling order.

**17.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant filed its Rule 7.1 disclosure statement on November 14, 2025, Dkt. 23.

FRCP 7.1 and Local Civil Rule 7.1 do not apply to individuals and thus does not apply to Plaintiffs.

RESPECTFULLY SUBMITTED AND DATED this 18th day of May, 2026.

STRANCH, JENNINGS & GARVEY, PLLC          BALLARD SPAHR LLP

By: _s/Michael C. Tackeff, pro hac vice_          By: _s/ Meegan B Brooks (w/ permission)_
Michael C. Tackeff, admitted _pro hac vice_          Meegan B Brooks, WSBA No. 62516

JOINT STATUS REPORT AND DISCOVERY PLAN
(3:25-cv-06020-DGE) – 14

J. Gerard Stranch, IV, admitted *pro hac vice*
Andrew K. Murray*
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

STRAUSS BORRELLI, LLP
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli*
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
sam@straussborrelli.com
raina@straussborrelli.com

COHENMALAD, LLP
Lynn A. Toops, admitted *pro hac vice*
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenmalad.com

**\*Applications for admission *pro hac vice*, forthcoming**

***Attorneys for Plaintiffs and the Proposed Class***

Stephanie Sheridan*
71 Stevenson Street, Suite 400
San Francisco, California 94105
424.204.4400
brooksm@ballardspahr.com
sheridans@ballardspahr.com

BAKER & HOSTETLER LLP
Cornelia Brandfield-Harvey,
WSBA No. 59746
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
206.332.1380
cbrandfieldharvey@bakerlaw.com

**\*Application for admission *pro hac vice*, forthcoming**

***Attorneys for Defendant Torrid, LLC***

**CERTIFICATE OF SERVICE**

I, Michael C. Tackeff, hereby certify that on May 18, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 18th day of May, 2026.

/s/ Michael C. Tackeff
Michael C. Tackeff, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
mtackeff@stranchlaw.com
*Attorneys for Plaintiff*